IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**RAY DENNISON PARKER, JR.**                                                   **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO.3:07-cv-361-DPJ-JCS**

**STATE OF MISSISSIPPI AND**
**MADISON COUNTY**                                                              **DEFENDANTS**

MEMORANDUM OPINION

This cause is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, Ray Dennison Parker, Jr. filed this complaint pursuant to 42 U.S.C. § 1983 seeking injunctive relief and monetary damages. Plaintiff is a pretrial detainee incarcerated in the Madison County Detention Center. The named Defendants are the State of Mississippi and Madison County.

Plaintiff was arrested for his third D.U.I. and is being held in Madison County Detention Center. Plaintiff alleges that he has been in the Madison County Detention Center for eleven months and has not been to court nor given a court date. Plaintiff requests as relief that he be paid for any and all time spent in jail, to be paid for lost wages and to have his pending charges dropped.

Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary

relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, § 1915(e)(2) applies to the instant case. As discussed below, the Plaintiff's § 1983 action at this time fails to state a claim on which relief may be granted.

Plaintiff seeks to prove that his Sixth Amendment right to a speedy trial has been violated and therefore merits his release. If Plaintiff were successful in this claim, such a claim would necessarily call his imprisonment and possible subsequent conviction into question.

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994), the Court addressed whether a claim for monetary damages which essentially challenges Plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or *imprisonment*, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 2372 (footnotes omitted) (emphasis added).

The United States Court of Appeal for the Fifth Circuit in an unpublished opinion in *Josey v. Texas Dept. of Public Safety,* 101 Fed.Appx. 9, 10 (5th Cir. 2004) held that "by raising his speedy-trial argument, Josey is contesting his continued confinement. Because Josey's continued confinement has not been remedied by any of the procedures listed in *Heck*, his speedy-trial claim also is not cognizable under 42 U.S.C. § 1983." *See also Thomas v. Pugh*, 9 Fed.Appx. 370 (6th Cir. 2001)(finding a pre-trial detainee's § 1983 claim that he was denied a speedy trial to be barred by *Heck*); *Jacobsen v. Maricopa County*, 2005 WL 2738402, 2 (D. Ariz. Oct. 20, 2005)("Plaintiff's speedy trial and unfounded charges claims are therefore barred by *Heck*.")

Plaintiff is essentially challenging his confinement by asserting a Sixth Amendment violation of his right to a speedy trial and this Court finds that he has not met any of the *Heck* requirements. Under these circumstances, this Court finds that if Plaintiff were to be successful in this cause of action and awarded monetary damages for his imprisonment, it would necessarily imply the invalidity of his current confinement. Therefore, to the extent Plaintiff is challenging the fact of his confinement and right to a speedy trial, he is barred from proceeding under 42 U.S.C. § 1983 at this time.

Plaintiff *may* have habeas corpus as an available remedy.[1] A pre-trial prisoner's suit challenging his incarceration is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of*

---

[1] Plaintiff utilized the form for complaints under 42 U.S.C. §1983.

*Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987).  Although 28 U.S.C. § 2241 does not specifically state that exhaustion is required, the requirement that a petitioner must exhaust his available state remedies has been judicially created.  *Id.* at 225.  In order for a petitioner proceeding pursuant to § 2241 to exhaust his available state remedies, he would need to present the grounds of his federal habeas petition to the Mississippi Supreme Court.  Plaintiff fails to establish that he has met the exhaustion requirement to pursue a petition for habeas corpus relief in a § 2241 action.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).

## Conclusion

As discussed above, Plaintiff's claim for a violation of his Sixth Amendment right to a speedy trial are not cognizable under 42 U.S.C. § 1983. Consequently, this complaint will be dismissed for failure to state a claim upon which relief may be granted, with prejudice, under 28 U.S.C. § 1915 (e)(2)(B)(ii)

## Three-strikes provision

Since this case shall be dismissed pursuant to 28 U.S.C. § 1915 (e) (2) (B) (i) - (ii)[2] it will counted as a "strike".  If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

---

[2]Title 28 Section 1915(g) states:

> "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

A final judgment in accordance with this memorandum opinion will be entered.

SO ORDERED AND ADJUDGED, this the 25th day of September, 2007.


                                            s/Daniel P. Jordan III
                                            UNITED STATES DISTRICT COURT JUDGE